# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
| **PATRICIA ANN CVETNICH** | ) Case No. 20-10447-BFK |
| | ) Chapter 13 |
| | ) |
| **Debtor.** | ) |
| _____ | ) |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, Aquia Harbour Property Owners Association, Inc. (hereinafter "Association"), a secured creditor, by counsel, and files this Objection to the Chapter 13 Plan of the Debtor dated March 3, 2020. In support of this Objection, the Association states as follows:

1. Debtor is the owner of 209 Fathom Cove, Stafford, VA 22554 (hereafter, the "Property"). The Property is Debtor's principal residence per the filed Voluntary Petition.

2. The Property is subject to the recorded "Declaration of Restrictions" (hereinafter "Declaration") as recorded in the Land Records of Stafford County, Virginia, as Instrument No. LR030031385, and the Association's Bylaws adopted thereto. The Declaration and Bylaws were in effect when the Debtor filed her petition and still are in effect as of the date of the filing of this Objection.

3. In accordance with Article XX of the Bylaws, the Association has the authority to levy assessments against a lot owner subject to the Association's governing documents.

4. Debtor's pre-petition delinquency includes a debt of $10,852.57, of which $9,354.52 is secured by judgment liens and assessment liens on the Property.

5. In her bankruptcy schedules, Debtor lists the secured debt owed to the Association at only $3,621.00 and proposes to "cramdown" this debt in Section 4 of the Plan.

6. 11 U.S.C. § 1322(b)(2) forbids the modification of claims secured only by a security interest in real property that is the debtor's principal residence.

7. Debtor values the Property at $481,796.00 on Schedule A, and lists the amount owed to Flagstar Bank, the primary lienholder, at $476,602.03 on Schedule D.

8. Accordingly, the Association's debt is **not** wholly unsecured and therefore not subject to strip-off or modification under either 11 U.S.C. § 1322(b)(2) or 11 U.S.C. § 506.

9. As the Association's secured debt is not subject to modification, the Plan's failure to fully cure the pre-petition arrearage owed to the Association which is secured by the Property demonstrates that the Plan is not feasible and therefore in violation of 11 U.S.C. § 1325(a)(6).

WHEREFORE Aquia Harbour Property Owners Association, Inc., a secured creditor by counsel, respectfully moves the Court to deny confirmation of the Debtor's Chapter 13 plan dated March 3, 2020, along with such other relief as the Court deems is necessary and proper.

Respectfully submitted this 19th of March 2020,

**/s/ Jeremy C. Huang**
Jeremy C. Huang, VSB 76861
CHADWICK WASHINGTON MORIARTY
ELMORE & BUNN, P.C.
3201 Jermantown Rd., Suite 600
Fairfax, VA 22030
TEL: 703-352-1900 / FAX: 703-352-5293
jhuang@chadwickwashington.com

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 19th day of March 2020, a copy of the foregoing Objection to Confirmation and the Notice of Objection were served via the Court's ECF system upon the following persons:

Thomas P. Gorman
Chapter 13 Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Gary B. Fuller
Tate, Bywater & Fuller, PLC
2740 Chain Bridge Rd.
Vienna, VA 22181
*Attorney for the Debtor*

**/s/ Jeremy C. Huang**
Jeremy C. Huang